UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRAYVON R. CAIL,

    Petitioner,

v.

DONALD R. HOLBROOK,

    Respondent.

CASE NO. 2:22-cv-00031-LK-DWC

REPORT AND RECOMMENDATION

NOTED FOR: May 13, 2022

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 3. As discussed below, the petition should be dismissed as untimely.

**BACKGROUND**

Petitioner was arrested on suspicion of shooting two men in the head "in an attempted robbery that occurred during a drug transaction." Dkt. 8-1 at 105.[1] The "State charged [Petitioner] with first degree attempted murder, first degree murder, and first degree robbery, all with firearm enhancements, based on [this shooting]." *Id.* at 106. Following a bench trial, the

---

[1] All page citations to docket entries refer to the CM/ECF-generated page stamp number at the top, right-hand corner of the page.

1  trial court convicted Petitioner as charged. *Id.* at 106, 108.  The trial court sentenced Petitioner to
2  "a total term of 680 months of confinement." Dkt. 8-2 at 368.

3  Petitioner appealed and, on April 23, 2018, Division One of the Court of Appeals of
4  Washington ("state court of appeals") affirmed. Dkt. 8-1 at 105. Respondent contends, and
5  Petitioner has not disputed, that Petitioner did not seek review in the Washington Supreme Court
6  ("state supreme court"). *See* Dkt. 7 at 5; Dkt. 8-1 at 113. On July 13, 2018, the state court of
7  appeals issued a mandate to the trial court terminating direct review. Dkt. 8-1 at 113.

8  On July 17, 2019, Petitioner filed a personal restraint petition ("PRP") in the state court
9  of appeals. *Id.* at 115, 170. On January 19, 2021, the state court of appeals denied the PRP. *Id.* at
10 363. Then, on March 18, 2021, Petitioner filed a motion for discretionary review, which the state
11 supreme court denied on September 1, 2021. Dkt. 8-2 at 382, 437. Later, the state supreme court
12 denied Petitioner's motion to modify the ruling denying discretionary review, issuing its mandate
13 to the trial court on December 14, 2021. *Id.* at 443, 490, 492.

14 Petitioner filed his federal petition on December 30, 2021. Dkt. 3 at 1, 15. In his sole
15 ground for relief, Petitioner alleges:

16 My trial counsel failed to advise me of sentencing consequences, failed to pursue
plea negotiations as I requested, improperly influenced my decision to waive a jury
17 trial, failed to retain an identification expert and to suppress my identification by [a
witness], failed to interview witnesses, and failed to prepare me to testify at trial.
18 Further, the state court was incorrect in failing to find that my constitutional rights
had been violated by this ineffective assistance of counsel.
19 *Id.* at 5.

20 On March 4, 2022, Respondent filed his response and the state court record. Dkts. 7–8.
21 Petitioner did not reply.

22

23

24

REPORT AND RECOMMENDATION - 2

|   |   |
|---|---|
| 1 | **DISCUSSION** |
| 2 | "The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) |
| 3 | establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v.* |
| 4 | *DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)). As relevant here, the 1- |
| 5 | year "limitation period shall run from" "the date on which the judgment became final by the . . . |
| 6 | expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1), (A).[2] "[T]he |
| 7 | judgment becomes final at the 'expiration of the time for seeking such review' [] when the time |
| 8 | for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, |
| 9 | 565 U.S. 134, 150 (2012). When the petitioner "does not seek [direct] review in a [s]tate's |
| 10 | highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking |
| 11 | such review expires [in state court]." *See id.* at 154. If a petitioner does not seek review in the |
| 12 | state supreme court, his judgment becomes final 30 days after the state court of appeals issues its |
| 13 | decision affirming his conviction. *See Tudor v. Holbrook*, No. 2:21-CV-0240-TOR, 2021 WL |
| 14 | 4891848, at *1–2 (E.D. Wash. Aug. 12, 2021); *Wellington v. Uttecht*, No. 3:20-CV-06238-JLR- |
| 15 | JRC, 2021 WL 2667031, at *1 (W.D. Wash. June 7, 2021), *report and recommendation adopted*, |
| 16 | 2021 WL 2662335 (W.D. Wash. June 29, 2021); *see also Farrell v. Flynn*, No. 3:19-CV-5210- |
| 17 | RJB-TLF, 2019 WL 3208897, at *4 (W.D. Wash. July 2, 2019) ("For purposes of [§] |
| 18 | 2244(d)(1)(A), direct review of a petition terminates when the reviewing court renders its |
| 19 | decision, regardless of when the mandate of the decision is entered." (citing *White v. Klitzkie*, |
| 20 | 281 F.3d 920, 923 n.4 (9th Cir. 2002))), *report and recommendation adopted*, 2019 WL 3208182 |
| 21 | (W.D. Wash. July 16, 2019). |
| 22 | |
| 23 | |
| 24 | [2] Petitioner has not argued that any of the triggering events in § 2244(d)(1)(B)–(D) apply, and the record does not suggest that any of them would. |

REPORT AND RECOMMENDATION - 3

Here, Petitioner appealed his convictions and the state court of appeals affirmed on April 23, 2018. Dkt. 8-1 at 105. Respondent contends, and Petitioner has not disputed, that he did not seek review in the state supreme court. *See* Dkt. 7 at 5; Dkt. 8-1 at 113. Therefore, under § 2244(d)(1)(A), Petitioner's judgment of conviction became final on May 23, 2018. Under the applicable "anniversary method," Petitioner's deadline for filing his federal petition was May 23, 2019 (e.g., one year later). *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001); *Tudor v. Holbrook*, No. 2:21-CV-0240-TOR, 2021 WL 4891848, at *1–2 (E.D. Wash. Aug. 12, 2021). Petitioner did not file his federal petition until December 30, 2021. *See* Dkt. 1 at 15. Thus, absent statutory tolling, the petition is untimely. *See Stewart*, 251 F.3d at 1246.

AEDPA's 1-year statute of limitations is subject to statutory tolling under some circumstances. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 410.

Here, on July 17, 2019, Petitioner filed his PRP in the state court of appeals. Dkt. 8-1 at 115, 170. However, as discussed, § 2244(d)(1)(A)'s 1-year period had expired on May 23, 2019. The post-conviction litigation that Petitioner started after the expiration of the 1-year period "does not permit the reinitiation of the limitations period." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Petitioner argues that his petition is timely because he subsequently initiated "[p]ost-conviction review [that] ended on December 1[4], 2021." *See* Dkt. 3 at 13. But, Petitioner ignores that the "post-conviction" review he references was commenced after § 2244(d)(1)(A)'s 1-year period had expired.

"The AEDPA limitations [period] is also subject to equitable tolling where the petitioner pursued his rights diligently and some extraordinary circumstance stood in his way." *Snyder v. Uttecht*, No. 2:20-CV-01859-RAJ-DWC, 2021 WL 5016124, at *2 (W.D. Wash. July 13, 2021) (citation and internal quotation marks omitted), *report and recommendation adopted*, 2021 WL 5014088 (W.D. Wash. Oct. 28, 2021). "However, [P]etitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition." *Wellington v. Uttecht*, No. 3:20-CV-06238-JLR-JRC, 2021 WL 2667031, at *2 (W.D. Wash. June 7, 2021), *report and recommendation adopted*, 2021 WL 2662335 (W.D. Wash. June 29, 2021); *see also Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (the petitioner bears the bear of showing an entitlement to equitable tolling). "Therefore, [P]etitioner fails to show that he is entitled to . . . equitable tolling, and the petition is barred by the AEDPA limitations period." *See Wellington*, 2021 WL 2667031, at *2.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474 (citations omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Id.* (citation and internal quotation marks omitted).

Here, the Court can resolve whether the petition was timely by reference to the state court record. Therefore, an evidentiary hearing is improper.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of a federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because reasonable jurists would not debate that the petition is untimely, a certificate of appealability should be denied.

**CONCLUSION**

As discussed above, it is recommended that the petition (Dkt. 3) be DISMISSED WITH PREJUDICE as untimely and that a certificate of appealability be DENIED. It is further recommended that this case be CLOSED. The Clerk is directed to SEND Petitioner a copy of this Report.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule

72(b), the Clerk is directed to set the matter for consideration on **May 13, 2022** as noted in the caption.

Dated this 25th day of April, 2022.

David W. Christel
United States Magistrate Judge