1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

TRAYVON R. CAIL,

CASE NO. C22-00031-LK

12

Petitioner,

ORDER GRANTING MOTION
FOR EXTENSION AND
REQUESTING SUPPLEMENTAL
BRIEFING

v.

13

DONALD R. HOLBROOK,

14

Respondent.

15

16          This matter comes before the Court on the Report and Recommendation of United States

17    Magistrate Judge David W. Christel, Dkt. No. 9, the objections thereto filed by pro se Petitioner

18    Trayvon Cail, Dkt. No. 10, and Mr. Cail's motion for an extension, Dkt. No. 11. Having reviewed

19    the Report and Recommendation, Mr. Cail's objections and motion for an extension, and the

20    balance of the record, the Court grants the motion for an extension and requests supplemental

21    briefing as set forth below.

22                                    I.        BACKGROUND

23          The background facts and procedural history are set forth in the Report and

24    Recommendation and are adopted here. Dkt. No. 9 at 1–2. Mr. Cail, who is currently incarcerated

following his state court conviction, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 30, 2021. Dkt. No. 3. In response to the question on the habeas form "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition," Mr. Cail wrote, "Post-conviction review ended on December 1, 2021, so this petition is timely under 28 U.S.C. section 2244(d)(2)." Dkt. No. 3 at 13.

## A.    The Report and Recommendation

Judge Christel recommended dismissal of the petition because it was filed after expiration of the one-year statute of limitations under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. No. 9 at 3–5. The statute of limitations ran on May 23, 2019, one year after Mr. Cail's judgment of conviction became final. *Id.* at 4. Judge Christel explained that although the statute of limitations is subject to statutory tolling while a properly filed personal restraint petition is pending, the personal restraint petition that Mr. Cail filed on July 17, 2019 did not toll the statute of limitations because it was filed after the one-year limitations period expired. *Id.* at 4 (citing *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)). Judge Christel explained that the statute of limitations is also subject to equitable tolling, but Mr. Cail did not argue that he was entitled to equitable tolling or demonstrate that extraordinary circumstances prevented him from filing a timely habeas petition. *Id.* at 5. Because Mr. Cail's petition was untimely, Judge Christel recommended its dismissal with prejudice. *Id.* at 6.

## B.    Objections and Motion for an Extension

Mr. Cail filed objections to the Report and Recommendation. Dkt. No. 10. While he does not dispute that statutory tolling does not save his petition from being untimely, he now argues that he is entitled to equitable tolling. *Id.* at 1. Mr. Cail argues that he pursued his rights diligently by "seeking counsel to represent [him] on appeal." *Id.* He contends that his counsel "has a duty to represent [him] in a timely manner and notify [him] of any due dates," and that he was time-barred

1    "d[ue] to [his attorney] John Henry Browne [not] disclos[ing] information of notices in time and

2    fail[ing] to timely file a response[.] *Id.* ("Atto[rn]ey received all notices from the courts and failed

3    to disclose[]/inform me of notices").

4          After filing his objections, Mr. Cail filed a motion for an extension asking the Court to

5    delay issuing a ruling on the Report and Recommendation to allow him to file a declaration from

6    Mr. Browne. Dkt. No. 11 at 1–2. The Court construes the motion as a request for an extension of

7    time to file objections (including supporting documents) to the Report and Recommendation. In

8    his motion, Mr. Cail explained that the declaration will "explain that the ___ [sic] was a result of

9    miscalculation on the part of petitioner's former legal counsel, and should not prevent Petitioner

10   from requesting a pro se writ of habeas corpus." *Id.* at 2–3. Respondent did not file a response to

11   the motion, which the Court construes as an admission that it has merit. LCR 7(b)(2). The Court

12   finds good cause to grant the unopposed motion for an extension so it can consider the declaration,

13   and it grants Mr. Cail's motion for an extension. Dkt. No. 11.

14         The declaration Mr. Cail submitted from Mr. Browne states, "I and my law office

15   represented Petitioner Trayvon R. Cail in his sentencing and direct appeal. After the Court of

16   Appeals affirmed his conviction, we also prepared Mr. Cail's Personal Restraint Petition (PRP)."

17   Dkt. No. 11 at 4. He further states that the attorney in his office who was primarily responsible for

18   the PRP delayed filing it to find and interview relevant parties, and as a result, the PRP was not

19   filed until July 17, 2019. *Id.* Mr. Browne states that his office's delay in filing the PRP "meant that

20   the statute of limitations for seeking [federal habeas] relief had already expired on May 23, 2019,"

21   but "[o]ur office failed to recognize this fact or to notify Mr. Cail that he would be time-barred

22   from seeking habeas relief in the future." Dkt. No. 11 at 4; *id.* at 5 ("The delay in our office's filing

23   of Mr. Cail's [PRP] prejudiced his opportunity to seek federal review as a *pro se* petitioner.").

24

## II.    DISCUSSION

There is no dispute that unless equitable tolling applies, Mr. Cail's habeas petition is barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). However, because AEDPA's limitations period is not a jurisdictional bar, it may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that this "extraordinary" remedy should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Included within those factors is a causation component that requires courts to evaluate the petitioner's diligence "in all time periods," including after he is "free from the extraordinary circumstance," to determine "whether the extraordinary circumstance actually did prevent timely filing." *Smith v. Davis*, 953 F.3d 582, 595, 599 (9th Cir. 2020) (en banc). "[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Id.* at 600. "To be clear, this rule does not impose a rigid 'impossibility' standard on litigants, and especially not on pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period." *Id.* (cleaned up). Instead of applying rigid standards or mechanical rules, courts must decide whether extraordinary circumstances stood in a petitioner's way and prevented timely filing "based on all the circumstances of the case before it." *Id.*

Attempting to demonstrate extraordinary circumstances, Mr. Cail alleges that his petition should not be denied due to his former counsel's "miscalculation." Dkt. No. 11 at 2. Attorney miscalculations leading to missed deadlines and other "garden variety" claims of negligence or

1    excusable neglect are not extraordinary circumstances warranting equitable tolling. *Holland*, 560

2    U.S. at 652. And although Mr. Cail filed his habeas petition pro se, his pro se status and potential

3    ignorance of the law are not extraordinary circumstances warranting equitable tolling either. *See,*

4    *e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). However, more egregious attorney

5    misconduct or attorney abandonment may constitute extraordinary circumstances warranting

6    tolling. *Holland*, 560 U.S. at 651; *Maples v. Thomas*, 565 U.S. 266, 283 (2012); *Gibbs v. Legrand*,

7    767 F.3d 879, 885 (9th Cir. 2014). In this case, Mr. Cail alleges more than just a mistake by his

8    former counsel; he also alleges that his former attorney failed to notify him of due dates or to

9    disclose "notices in time." Dkt. No. 10 at 1. Mr. Cail does not explain what those due dates and

10    notices were or how his former counsel's alleged failures in those regards resulted in his petition

11    "being time barred." *Id.* While in some circumstances the failure to receive timely case status

12    information could impact a petitioner's ability to file a timely habeas petition, *Gibbs*, 767 F.3d at

13    886, the record contains insufficient information for the Court to determine whether that is the case

14    here. It is also unclear based on the record before the Court whether Mr. Browne was retained or

15    otherwise agreed to represent Mr. Cail in his federal habeas proceedings or if Mr. Cail believed

16    Mr. Browne represented him for that purpose.

17          The record is also insufficient for the Court to determine whether Mr. Cail has pursued his

18    rights diligently. "The diligence required for equitable tolling purposes is reasonable diligence, not

19    maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). Mr. Cail alleges that he

20    pursued his "right diligently by seeking counsel to represent [him] on appeal," Dkt. No. 10 at 1,

21    but the Ninth Circuit has clarified that a petitioner "must show that he has been reasonably diligent

22    in pursuing his rights not only while an impediment to filing caused by an extraordinary

23    circumstance existed, but before and after as well, up to the time of filing his claim in federal

24    court." *Smith*, 953 F.3d at 598–99. There is no information in the record regarding what additional

steps, if any, Mr. Cail took to preserve his rights other than hiring counsel to represent him in his state court appeal.

In light of those deficiencies in the record and because Mr. Cail is proceeding pro se, the Court gives him another opportunity to present facts to support his request for equitable tolling. The Court requests supplemental briefing from Mr. Cail describing:

> (1) whether Mr. Cail believed that Mr. Browne represented him for purposes of filing his federal habeas petition and if so, the basis for that belief and when he learned that Mr. Browne did not represent him for that purpose;

> (2) whether Mr. Cail expected to receive notices from Mr. Browne or his office regarding developments in his state court proceedings and if so, the basis for Mr. Cail's expectation and how and when he expected to receive such notices;

> (3) the "notices" Mr. Cail claims Mr. Browne did not send him, Dkt. No. 10 at 1, including a description of what the notices were and when and how Mr. Cail received them;

> (4) when and how Mr. Cail learned that the state court of appeals affirmed his conviction by order dated April 23, 2018;

> (5) when and how Mr. Cail learned of the "miscalculation on the part of [his] former legal counsel," Dkt. No. 11 at 2;

> (6) what Mr. Cail means specifically in his objections stating that Mr. Browne "failed to file a timely response" and failed to notify him of "due dates," Dkt. No. 10 at 1;

> (7) the basis for Mr. Cail's belief that he was filing his federal habeas petition on time; and

> (8) all efforts Mr. Cail made, up to the time he filed his habeas petition in federal court, to file a timely federal habeas petition.

Mr. Cail's memorandum must be no more than 30 pages in length.

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Cail's motion for an extension, Dkt. No. 11, DEFERS ruling on his objections, Dkt. No. 10, and ORDERS Mr. Cail to submit, within 30 days of this order, supplemental briefing as described above. Respondent may, but is not required to, file a response of no more than 12 pages to Mr. Cail's supplemental memorandum

within 14 days after receiving it.

The Clerk is directed to send uncertified copies of this Order to Mr. Cail at his last known address and to renote Petitioner's Objections, Dkt. No. 10, for December 29, 2022.

Dated this 29th day of November, 2022.

Lauren King
United States District Judge