1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| TRAYVON R. CAIL, | CASE NO. 2:22-cv-00031-LK |
| Petitioner, | ORDER ADOPTING IN PART REPORT AND RECOMMENDATION |
| v. | |
| DONALD R. HOLBROOK, | |
| Respondent. | |

11
12
13
14
15

16    This matter comes before the Court on the Report and Recommendation of United States

17   Magistrate Judge David W. Christel, Dkt. No. 9, the objections thereto filed by pro se Plaintiff

18   Trayvon Cail, Dkt. No. 10, and the parties' supplemental briefing, Dkt. Nos. 13, 14. Having

19   reviewed the Report and Recommendation, Mr. Cail's objections, and the balance of the record,

20   the Court adopts the Report and Recommendation in part, dismisses this habeas petition, and grants

21   Mr. Cail a certificate of appealability solely on the issue of whether he is entitled to equitable

22   tolling.

23
24

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 1

# I.   BACKGROUND

The background facts and procedural history are set forth in the Report and Recommendation and are adopted here. Dkt. No. 9 at 1–2. Mr. Cail, who is currently incarcerated following his state court convictions for murder and first-degree robbery, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on January 10, 2022. Dkt. No. 1 at 1; Dkt. No. 3. The Respondent, Donald Holbrook, argued that the petition should be denied as untimely and, in any event, that it fails on the merits. Dkt. No. 7 at 15–17 (timeliness issue).

## A.   The Report and Recommendation

Judge Christel recommended dismissal of the habeas petition because it was filed after expiration of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. No. 9 at 3–5. The statute of limitations ran on May 23, 2019, one year after Mr. Cail's judgment of conviction became final. *Id.* at 4. Judge Christel explained that although the statute of limitations is subject to statutory tolling while a properly filed personal restraint petition ("PRP") is pending, the PRP that Mr. Cail filed on July 17, 2019 did not toll the statute of limitations because it was filed after the one-year limitations period had already expired. *Id.* at 4. And, although the statute of limitations is also subject to equitable tolling, Mr. Cail did not argue that he was entitled to equitable tolling or demonstrate that extraordinary circumstances prevented him from filing a timely habeas petition. *Id.* at 5. Because Mr. Cail's petition was untimely, Judge Christel recommended its dismissal with prejudice. *Id.* at 6.

## B.   Objections, Motion for an Extension, and Supplemental Briefing

Mr. Cail filed timely objections to the Report and Recommendation. Dkt. No. 10. He did not dispute that his petition was untimely but argued that he is entitled to equitable tolling. *Id.* at 1. Mr. Cail averred that he pursued his rights diligently by "seeking counsel to represent [him] on appeal." *Id.* He contended that his counsel "ha[d] a duty to represent [him] in a timely manner and

notify [him] of any due dates." *Id.* His attorney, John Henry Browne, "didn't disclose information of notices in time and failed to timely file a response," which "[r]esult[ed] in [his petition] being time barred. *Id.* ("Attorney received all notices from the courts and failed to disclose/inform [him] of notices").

After filing his objections, Mr. Cail filed a motion for an extension of time asking the Court to delay issuing a ruling on the Report and Recommendation to allow him time to obtain a declaration from Mr. Browne. Dkt. No. 11 at 1–2. In that motion, Mr. Cail explained that the declaration will "explain that the ___ [sic] was a result of [a] miscalculation on the part of petitioner's former legal counsel, [a]nd should not prevent Petitioner from requesting a pro se writ of habeas corpus." *Id.* at 2–3.

The declaration Mr. Cail submitted from Mr. Browne states the following: "I and my law office represented Petitioner Trayvon R. Cail in his sentencing and direct appeal. After the Court of Appeals affirmed his conviction, we also prepared Mr. Cail's Personal Restraint Petition (PRP)." Dkt. No. 11 at 4. He further states that the attorney in his office who was primarily responsible for the PRP delayed filing it to find and interview relevant parties, and as a result, the PRP was not filed until July 17, 2019. *Id.* If the PRP had been filed before the statute of limitations to file the habeas petition expired, its filing would have tolled the statute of limitations, but because it was filed after the statute of limitations ran, it did not toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of AEDPA's one-year limitations period when it ends before the state petition is filed). Mr. Browne stated that his office's delay in filing the PRP "meant that the statute of limitations for seeking [federal habeas] relief . . . expired on May 23, 2019. Our office failed to recognize this fact or to notify Mr. Cail that he would be time-barred from seeking habeas relief in the future." Dkt. No.

11 at 4; *id.* at 5 ("The delay in our office's filing of Mr. Cail's [PRP] prejudiced his opportunity to seek federal review as a *pro se* petitioner.").

The Court granted Mr. Cail's unopposed motion for an extension and considered Mr. Browne's declaration. Dkt. No. 12. However, the declaration was insufficient to demonstrate whether equitable tolling should apply as Mr. Cail urged. *Id.* at 5–6. Specifically, the Court was unable to determine whether Mr. Browne's office transmitted timely case status information to Mr. Cail; whether Mr. Browne "was retained or otherwise agreed to represent Mr. Cail in his federal habeas proceedings or if Mr. Cail believed Mr. Browne represented him for that purpose;" whether Mr. Cail pursued his rights diligently; and what additional steps, if any, Mr. Cail took to preserve his rights other than hiring counsel to represent him in his state court appeal. *Id.* In light of those deficiencies in the record and because Mr. Cail is proceeding pro se, the Court gave him another chance to present facts to support the applicability of equitable tolling and requested supplemental briefing regarding certain listed topics. *Id.* at 6. Mr. Cail filed a supplemental brief with attachments, Dkt. No. 13, and Respondent filed a response, Dkt. No. 14.

## II.    DISCUSSION

### A.    Mr. Cail's New Argument in Objections

The Court first addresses whether to consider Mr. Cail's new argument—raised for the first time in his objections—that he is entitled to equitable tolling. *See* Dkt. No. 9 at 5; Dkt. No. 10 at 1. The Court has discretion whether to consider arguments made for the first time in objections. *See, e.g.*, *Davis v. Port Angeles Sch. Dist.*, No. 3:20-CV-5448-BHS-SKV, 2022 WL 602171, at *6 (W.D. Wash. Mar. 1, 2022); *Ewalan v. Wash. State Dep't of Corr.*, No. C20-5678-JLR, 2021 WL 5824381, at *6 n.8 (W.D. Wash. Dec. 8, 2021). Respondent did not object to the Court considering the new argument. The Court considers the new argument in light of Respondent's lack of

objection and because Respondent has had two opportunities to respond to the new argument.[1]

**B.    Standards for Reviewing a Report and Recommendation**

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

**C.    Equitable Tolling**

There is no dispute that unless equitable tolling applies, Mr. Cail's habeas petition is barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). However, because AEDPA's limitations period is not a jurisdictional bar, it may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

A petitioner is entitled to equitable tolling only upon showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). The factors include a causation component that requires courts to

---

[1] Respondent did not file a response to Mr. Cail's objections to the R&R but filed a supplemental brief. Dkt. No. 14.

1    evaluate the petitioner's diligence "in all time periods," including after the petitioner is "free from

2    the extraordinary circumstance," to determine "whether the extraordinary circumstance actually

3    did prevent timely filing." *Smith v. Davis*, 953 F.3d 582, 595, 599 (9th Cir. 2020) (en banc). "[I]t

4    is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence

5    from making a timely filing that equitable tolling may be the proper remedy." *Id.* at 600. "To be

6    clear, this rule does not impose a rigid 'impossibility' standard on litigants, and especially not on

7    pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during

8    the AEDPA limitation period." *Id.* (cleaned up). Instead of applying rigid standards or mechanical

9    rules, courts must decide whether extraordinary circumstances stood in a petitioner's way and

10   prevented timely filing "based on all the circumstances of the case before it." *Id.*

11          The Ninth Circuit has made clear that "the threshold necessary to trigger equitable tolling

12   under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d

13   1063, 1066 (9th Cir. 2002) (cleaned up). A petitioner bears the burden of showing that this

14   "extraordinary" remedy should apply. *Id.* at 1065.

15          Mr. Cail alleges that he pursued his "rights diligently by seeking counsel to represent [him]

16   on appeal," Dkt. No. 10 at 1, so "the [onus] is on Mr. John H. Browne for causing Cail to be time-

17   barred," Dkt. No. 13 at 4. He further asserts that he "was under the impression that the firm would

18   handle the habeas petition" and he was "not informed of Mr. Browne's discontinued service until

19   after this Court sent him a notice . . . [e]ffectively stating that Cail was time-barred." *Id.* Attorney

20   abandonment can in some circumstances support equitable tolling. *See, e.g.*, *Maples v. Thomas*,

21   565 U.S. 266, 283 (2012) (holding that the petitioner could not "be faulted for failing to act on his

22   own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing

23   him."). But here, Mr. Cail has not shown that Mr. Browne represented him for purposes of his

24   habeas petition, and none of the three documents he attaches supports that belief. First, Mr. Cail

cites his August 2016 contract with Mr. Browne's firm, but the "Scope of Work" in the contract includes only "Sentencing, Arrest of Judgment, if appropriate, and Direct Appeal," and expressly excludes "additional appeals." Dkt. No. 13 at 7. Second, he relies on an invoice of payments received, *id.* at 13–14, but that document does not reference a federal habeas petition. Third, he relies on a May 19, 2022 letter from a paralegal in Mr. Browne's office transmitting to him the State court record filed by Respondent in this case. *Id.* at 16. The paralegal in Mr. Browne's office also noted in a December 2021 letter that she had "typed out" Mr. Cail's federal habeas petition for him and Mr. Cail could sign and file it or complete the other blank version she sent. *Id.* at 15. Mr. Cail then filed his habeas petition pro se and it was not signed by an attorney. Dkt. No. 1 at 15. Therefore, the documents do not support Mr. Cail's assertion that Mr. Browne represented him for purposes of his federal habeas petition or abandoned him in that effort. And even if Mr. Cail believed that Mr. Browne's office represented him by typing his habeas petition in December 2021 or sending him the record in May 2022, the statute of limitations had already run by that point.

Mr. Cail also argues that his petition should not be denied due to his former counsel's "miscalculation" of an unspecified deadline, Dkt. No. 11 at 2, or failure to file the "response" (presumably, the PRP) on time, Dkt. No. 10 at 1. But regardless of whether Mr. Browne represented him for purposes of the habeas petition—or Mr. Cail reasonably thought he did— attorney miscalculations leading to missed deadlines and other "garden variety" claims of negligence or excusable neglect are not extraordinary circumstances warranting equitable tolling. *Holland*, 560 U.S. at 652; *see also Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (explaining that when petitioners allege that their attorneys were the cause of the untimeliness, "courts must examine if the claimed failure was one of mere *negligence* by the attorney, such as inadvertently miscalculating a filing deadline in a non-capital case, . . . or a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation.") (citations omitted); *Frye v.*

1    *Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[T]he miscalculation of the limitations period by

2    . . . counsel and his negligence in general do not constitute extraordinary circumstances sufficient

3    to warrant equitable tolling."); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (explaining that

4    "run-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to

5    the level of extraordinary circumstances."); *Williams v. Uttecht*, No. C20-1482-BHS-MLP, 2021

6    WL 2556212, at *5 (W.D. Wash. May 19, 2021) (recommending dismissal of habeas petition when

7    the untimely filing was caused by "the miscalculation by counsel of the federal limitations

8    period."), *report and recommendation adopted*, 2021 WL 2550667 (W.D. Wash. June 22, 2021).

9    Therefore, even though Mr. Browne filed the PRP too late to toll the federal habeas deadline, that

10   run-of-the-mill mistake is not an extraordinary circumstance warranting equitable tolling.

11          Mr. Cail also contends that Mr. Browne had a duty to notify him of due dates. Dkt. No. 10

12   at 1. He does not specify which due dates, but even if he is alleging that Mr. Browne failed to alert

13   him of the habeas filing deadline, "[a]n unadorned failure to advise about a limitations period

14   would, at best, be simple negligence" that does not warrant equitable tolling. *Holeman v. Ryan*,

15   No. CV12–02350–PHX–SRB, 2013 WL 3716603, at *10 (D. Ariz. Jul. 15, 2013). That is

16   particularly true here because Mr. Browne did not represent Mr. Cail for purposes of his habeas

17   petition. *See, e.g.*, *Castro*, 292 F.3d at 1067–68 (holding that equitable tolling did not apply when

18   the attorney advised the petitioner—whom she represented for his direct review but not for his

19   habeas petition—of an incorrect deadline to file his habeas petition).

20          Mr. Cail also alleges that Mr. Browne failed to disclose "notices in time." Dkt. No. 10 at

21   1. "An attorney's failure to communicate about a key development in his client's case can . . .

22   amount to attorney abandonment and thereby constitute an extraordinary circumstance." *Gibbs v.*

23   *Legrand*, 767 F.3d 879, 886 (9th Cir. 2014). But here, despite a second opportunity through

24   supplemental briefing, Mr. Cail still has not explained what notices he did not timely receive or

how those resulted in his petition "being time barred." Dkt. No. 10 at 1; *see also* Dkt. No. 13. Mr. Cail's supplemental brief did not respond to the Court's questions about what notices he missed, how he eventually received them, when and how he learned that the state court of appeals affirmed his conviction by order dated April 23, 2018, when he learned of his former counsel's miscalculation, or what "response" and "due dates" he claimed were missed. Dkt. No. 12 at 6. Mr. Cail's vague assertions do not show that extraordinary circumstances stood in his way or "prevented" him from timely filing his habeas petition. *Smith*, 953 F.3d at 600. Moreover, because he could have filed a federal protective petition while pursuing state court relief, "no extraordinary circumstance prevented him from timely filing his federal petition." *Barry v. Wash. State Dep't of Corr.*, 833 F. App'x 700, 701 (9th Cir. 2021).

Finally, the timing and contents of Mr. Cail's petition indicate that he misunderstood when his habeas petition was due. In response to the question on the habeas form, "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition," Mr. Cail wrote, "Post-conviction review ended on December 1, 2021, so this petition is timely under 28 U.S.C. section 2244(d)(2)." Dkt. No. 3 at 13. However, Mr. Cail's pro se status and potential ignorance of the law are not extraordinary circumstances warranting equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Because Mr. Cail filed his federal habeas petition outside of the one-year limitation period and has not demonstrated that he is entitled to equitable tolling, his petition is time-barred. The Court adopts Judge Christel's Report and Recommendation on this issue and dismisses the petition.

**D.    Evidentiary Hearing**

Judge Christel determined that it was not necessary to hold an evidentiary hearing to resolve this matter because the Court can resolve whether the petition was timely by reference to

1    the state court record. Dkt. No. 9 at 5. The decision to hold an evidentiary hearing is committed to

2    the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "In deciding whether to

3    grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an

4    applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to

5    federal habeas relief." *Id.* at 474. The Court agrees that this matter can be decided without an

6    evidentiary hearing based on the record before it, which demonstrates that even if Mr. Cail's

7    allegations are true, he is not entitled to habeas relief because his petition is untimely and not

8    subject to equitable tolling. *See, e.g., Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (no

9    obligation to hold evidentiary hearing when no extraordinary circumstance caused untimely filing

10   of habeas petition).

11   **E.    Certificate of Appealability**

12           Judge Christel recommended that the Court deny a certificate of appealability because Mr.

13   Cail has not made the required "'substantial showing of the denial of a constitutional right.'" Dkt.

14   No. 9 at 6 (quoting 28 U.S.C. § 2253(c)(2)). A petitioner satisfies this standard "by demonstrating

15   that jurists of reason could disagree with the district court's resolution of his constitutional claims

16   or that jurists could conclude the issues presented are adequate to deserve encouragement to

17   proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

18           As discussed above, after Judge Christel issued his Report and Recommendation, Mr. Cail

19   argued for the first time that equitable tolling applies. Dkt. No. 10 at 1. Although the Court

20   disagrees, it grants a certificate of appealability out of an abundance of caution regarding whether

21   "jurists . . . could disagree on this issue." *Barry v. Simpson*, C18-6003-BHS, 2020 WL 416284, at

22   *2 (W.D. Wash. Jan. 24, 2020), *aff'd*, *Barry v. Wash. State Dep't of Corr.*, 833 F. App'x 700 (9th

23   Cir. 2021). Therefore, the Court does not adopt the R&R on this issue and grants a certificate of

24   appealability on the sole issue of whether Mr. Cail is entitled to equitable tolling.

### III.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1)     The Court ADOPTS IN PART the Report and Recommendation, Dkt. No. 9;

(2)     This action is DISMISSED with prejudice;

(3)     A certificate of appealability is GRANTED on the sole issue of whether Mr. Cail is entitled to equitable tolling and DENIED as to all other issues.

The Clerk is directed to send uncertified copies of this Order to Judge Christel, all counsel of record, and Mr. Cail.

Dated this 29th day of September, 2023.

Lauren King
United States District Judge